BOSTON, H. & E. R. CO. (ADAMS v.). See Case No. 47.

BOSTON, H. & E. R. CO. (ALDEN v.). See Case No. 152.

BOSTON, H. & E. R. CO. (SWEATT v.). See Case No. 13,684.

BOSTON MACH. CO. (TUFTS v.). See Case No. 14,231.

## Case No. 1,681.

BOSTON MANUF'G CO. v. FISKE et al.

[2 Mason, 119;[1] 1 Robb, Pat. Cas. 320.]

Circuit Court, D. Massachusetts. Oct. Term, 1820.

### PATENTS—INFRINGEMENT—DAMAGES.

The jury may, if they see fit, in a case for infringing a patent, give the plaintiff as part of his "actual damage," such expenses for counsel fees, &c. as have been necessarily incurred in vindicating the plaintiff's right by a suit, and which are not taxable in the bill of costs.

[Cited in Allen v. Blunt, Case No. 217; Lake Shore & M. S. Ry. Co. v. Prentice, 147 U. S. 108, 13 Sup. Ct. 263. Disapproved in Stimpson v. The Railroads, Case No. 13,-456.]

Case [against Jonathan Fisk and another] for infringing a patent for "a new and useful improvement of a spinning frame for spinning cotton," invented by Paul Moody, and assigned by him to the plaintiff. The patent was dated the 17th of January, 1818, and the assignment the 14th of January, 1819. The cause was tried upon the general issue, and the principal question was, whether the patentee was the original inventor, it being contended that machines, of substantially the like structure, were known and used before the plaintiff's supposed invention; and the defendants' counsel cited Rees' Cyclopaedia, vol. 40, pt. 1, art. "Dressing Machine." A question, however, of law arose at the trial, whether the jury might include in the damages, if their verdict was for the plaintiff, counsel fees and other necessary expenses incurred at the trial, which were not within the taxable costs.

Gorham and Webster, for plaintiff.

G. Sullivan, for defendants.

STORY, Circuit Justice. In one of the earliest cases which came before me, after my advancement to the bench, this very question arose, and at the trial I decided that counsel fees and other necessary expenses, not included in the taxable costs, were proper to be allowed by the jury, if

---

[1] [Reported by Hon. Wm. P. Mason.]

they saw fit, as part of the "actual damage" of the plaintiff, within the contemplation of the patent act. But upon a motion for a new trial, the circuit court felt itself constrained upon the authority of Arcambel v. Wiseman, 3 Dall. [3 U. S.] 306, very much against its own judgment, to declare the contrary doctrine. Whittemore v. Cutter [Case No. 17,600]. Since that period, I have not been able upon inquiry, to learn that any of my brethren hold to so rigid a rule; or have felt themselves bound to limit the discretion of the jury, as to an allowance of items of this nature. Nor can I now deem Arcambel v. Wiseman, an authority on which one ought to repose, in a case of this sort, without very serious doubts. The case appears to have been decided on this point, without much argument, and is very imperfectly reported. I have examined the original record. It was a libel filed by the Spanish consul for restitution of a Spanish vessel, captured by an armed French vessel on the high seas. The district court dismissed the libel, and awarded damages for the delay, &c. to the captors. The circuit court affirmed the decree, and it was afterwards on error affirmed by the supreme court; but a charge of $1,600, for counsel fees, appearing on the record to have been allowed as part of the damages, the supreme court disallowed this item, declaring the general practice of the United States to be in opposition to it, and if that practice were not strictly correct in principle, it ought to be respected until changed by statute. It is to be observed, that this was an admiralty or prize suit. In cases of marine torts, or illegal captures, it is far from being uncommon in the admiralty to allow costs and expences, and to mulct the offending parties, even in exemplary damages, where the nature of the case requires it. In prize causes it is the usual course to allow the captors their costs and expenses upon restitution being decreed, where the original capture is justifiable, or farther proof is required. It can hardly be presumed, that the court alluded to cases of this nature—to cases of admiralty and prize jurisdiction, for it is scarcely possible, that any general uniform practice had been adopted in the United States, at so early a period; and if it had been, it must have been founded on a want of accurate knowledge of the principles and doctrines of courts of admiralty on this subject. Courts of admiralty allow such items, not technically as costs, but upon the same principles, as they are often allowed damages in cases of torts, by courts of common law, as a recompense for injuries sustained, as exemplary damages, or as a remuneration for expences incurred, or losses sustained, by the misconduct of the other party. The court in the remarks imputed to them by the reporter, must have referred only to the general practice in the courts of common law in the United States, not to tax

counsel fees in the bill of costs; a practice of the propriety of which, as a general rule, no doubt could be entertained. And in the case then before them, the court may very properly have disallowed the charge, for reasons applicable to the particular predicament of that case. In any other view, it would be impossible to reconcile the case of Arcambel v. Wiseman, with the general doctrines of admiralty courts, or with the more recent and well established practice of the supreme court in cases of marine torts and prize. The Amiable Nancy, 3 Wheat. [16 U. S.] 559; The Mary, 9 Cranch [13 U. S.] 126, 151; The Venus, 5 Wheat. [18 U. S.] 127, 131; The London Packet, Id. 132, 143. I feel myself bound, therefore, to declare, that as the authority of Arcambel v. Wiseman is shaken so far as it can be considered as containing any general doctrine, governing cases of this nature, I return to what I originally considered the true doctrine; and that is, that the jury are at liberty, if they see fit, to allow the plaintiff as part of his "actual damage," any expenditure for counsel fees, or other charges, which were necessarily incurred to vindicate the rights derived under his patent, and are not taxable in the bill of costs. Verdict for plaintiff $630, single damages.

A motion was afterwards made for a new trial, for misdirection on this point, which was refused by the court, and judgment given for the plaintiff for the treble damages.

[NOTE. This patent was granted to P. Moody, April 3, 1819. For another case involving same, see Moody v. Fiske, Case No. 9,745.]

---

BOSTON & A. R. CO. (LIGHTNER v.). See Case No. 8,343.

BOSTON & A. R. CO. (WILLIAMS v.). See Case No. 17,716.

BOSTON & F. IRON WORKS (CHILD v.). See Cases Nos. 2,674 and 2,675.

BOSTON & L. R. CO. (ASHCROFT v.). See Case No. 577.

BOSTON & L. R. CO. (SALEM & L. R. CO. v.). See Case No. 12,249.

BOSTON & P. R. CO. (WINANS v.). See Case No. 17,858.